

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00392-CV

**WILLIAM M. WINDSOR,**

        **Appellant**

 **v.**

**SEAN D. FLEMING,**

        **Appellee**

---

**From the 378th District Court**
**Ellis County, Texas**
**Trial Court No. 88611-A**

---

## MEMORANDUM OPINION

---

William M. Windsor, who represented himself in the underlying trial court proceedings and is also representing himself in this appellate proceeding, appeals the trial court's December 18, 2014 "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor." We will affirm.

## Background

- **December 26, 2013** – Windsor filed his original petition against Fleming and several other defendants. The case was assigned to the 40th District Court of Ellis County. The presiding judge of the 40th District Court is the Honorable Bob Carroll.

- **January 15, 2014** – Windsor filed his first amended petition against Fleming and several other defendants, alleging as follows: Windsor founded an organization called "Lawless America" and developed a website for it. Windsor "publishes an online magazine, produces and hosts a radio show, and has been producing and directing a documentary film about injustices of various types." In December 2012, Windsor became aware of Joeyisalittlekid.blogspot.com. Joeyisalittlekid.blogspot.com was originally "an online gathering place" for a group of people who disliked Joey Dauben.[1] The group turned its attention to Windsor, however, after members of the group learned that Dauben's girlfriend and family had approached Windsor to "do some filming" about Dauben's story. Members of the group, including Fleming and the other defendants, began posting alleged defamatory content about Windsor. Windsor claimed that the actions of Fleming and the other defendants constituted libel and defamation, defamation per se, slander, slander per se, intentional infliction of emotional distress, tortious interference with contract or business expectancy, tortious interference with a prospective business relationship, invasion of privacy by misappropriation, invasion of privacy, civil conspiracy, and stalking.

---

[1] Fleming's brief describes Dauben as "an Ellis County journalist who was convicted of several felony sex crimes against a minor."

- **January 21, 2014** – Fleming filed his original answer and special exceptions to Windsor's petition. Fleming denied all of Windsor's allegations.

- **February 26, 2014** – Fleming filed a motion to dismiss Windsor's claims against him under the Texas Citizens Participation Act (TCPA), generally known as the Texas anti-SLAPP ("strategic lawsuit against public participation") law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011.

- **March 10, 2014** – The trial court issued a memorandum ruling, staying all of the proceedings in the case. The memorandum ruling provided:

> **IT IS ORDERED** that effective immediately, all proceedings in the above entitled and numbered lawsuit are hereby ***stayed*** and remain on hold, including legal deadlines applicable to any party, until such time as the trial court further examines the legal implications and applicability of the Order and vexatious litigant injunction directed against William M. Windsor dated July 15, 2011 and issued by Thomas W. Thrash, Jr., United States District Judge for the Northern District of Georgia . . . .

The memorandum ruling then specifically stated:

> This stay of proceedings applies without prejudice, by way of example only and not by way of any limitation, to – (i) any of Plaintiff's pending motions, requests for hearings, or court dates; (ii) *Defendant Sean D. Fleming's Motion to Dismiss*; and (iii) the various requests received by the trial court for hearings on special exceptions . . . . [Emphasis added.]

- **March 17, 2014** – Windsor filed a motion requesting that the trial court allow him to conduct discovery and that the hearing on Fleming's TCPA motion to dismiss be set for June 23, 2014, approximately 120 days from the date that Fleming filed his motion to dismiss.

- **April 7, 2014** – Windsor filed a pleading entitled "Constitutional Challenge to Texas Citizens Participation Act" and a motion to dismiss Fleming's TCPA motion to dismiss.

- **April 10, 2014** – Windsor filed a supplement to his motion to dismiss Fleming's TCPA motion to dismiss.

- **August 11, 2014** – The trial court signed "Trial Court Order No. 1 and Notice of Hearing." The trial court concluded in its order that it was not permitted to dismiss Windsor's lawsuit outright for his noncompliance with the terms of the vexatious litigant injunction issued by the federal district judge in Georgia. The trial court concluded, however, that it possessed "legal authority within its inherent judicial power to impose various litigation control measures." The trial court's order therefore provided:

> It is Ordered that the stay of proceedings is hereby lifted; however, such Order is *specifically subject to and conditioned upon* [Windsor]'s current and future compliance with all the other Orders contained herein[, which included an "Order Providing for Litigation Control Measures."] The preceding Order shall be referred to as the "Order Lifting Stay of Proceedings."
>
> . . . .
>
> . . . Accordingly, with respect to the mechanics of initially lifting the stay, the trial court finds and rules that the Order Lifting Stay of Proceedings shall become automatically effective on such date as [Windsor] (i) complies with Litigation Control Measures #1, #5, #6, and #7 of the preceding Order Providing for Litigation Control Measures; and (ii) files of record a *Notice of Compliance with Litigation Control Measures #1, #5, #6, and #7* (with file marked courtesy copy being sent directly to the presiding judge).

"Trial Court Order No. 1 and Notice of Hearing" also notified the parties that a hearing for the purpose of establishing a "Preliminary Discovery Control Plan & Scheduling Order" would be held on September 19, 2014.

- **August 12, 2014** – Windsor filed a "Notice of Compliance with Litigation Control Measures and Motion for Reconsideration." Windsor requested in the pleading that the trial court reconsider its imposition of the litigation control measures but also represented that he had complied with Litigation Control Measures #1, #5, #6, and #7.

Additionally, on August 12, Windsor filed his second amended petition against Fleming and the other defendants. Along with the allegations in his first amended petition, Windsor alleged in his second amended petition that Fleming's and the other defendants' actions constituted invasion of privacy by disclosure and business disparagement. Windsor also brought a conversion claim against one of the other defendants, but the claim did not concern Fleming.

Finally, on August 12, Windsor filed a motion to declare that he is not a public figure or a limited-purpose public figure and, separately, a motion for sanctions and perjury against Fleming.

- **September 16, 2014** – Windsor filed a second supplement to his motion to dismiss Fleming's TCPA motion to dismiss.

- **September 17, 2014** – Fleming filed a response to Windsor's motion to declare that he is not a public figure or a limited-purpose public figure.

- **September 19, 2014** – The trial court held a hearing. At the outset, Fleming's counsel stated that his "primary concern" was to set Fleming's TCPA motion to dismiss

for a hearing. Counsel for Sam Round, another defendant, then noted that Round had filed a similar motion but that he had also filed a special appearance that needed to be heard before the TCPA motions to dismiss. The trial court agreed, stating that there needed to be a hearing on the special appearance and that it would then proceed to hear any motion to dismiss Windsor's claims under the TCPA.

Windsor noted at that point that he had filed a motion asking that the trial court declare that he is not a public figure or limited-purpose public figure. The trial court responded by stating that that issue might be taken up at the hearing on the TCPA motions to dismiss. Windsor then asserted that he needed to conduct discovery to respond to the TCPA motions to dismiss and that he had also filed "a document seeking to have the [TCPA] declared unconstitutional in part." The following exchange then took place:

> THE COURT: [Fleming's counsel], maybe what we could do is combine the special appearance hearing along with a hearing to determine whether or not discovery, if at all, is appropriate prior to the Chapter 27 [TCPA] hearing. Does that make sense?
>
> [Fleming's counsel]: Okay. Yes, sir. I understand. And, Your Honor, are you going to wait to set our hearing until that time as well or -- there is a deadline associated with this motion. Now, with a stay all the legal deadlines were postponed but --
>
> THE COURT: But the stay was lifted.
>
> [Fleming's counsel]: But I understand. But once the stay is lifted, then I guess the deadline starts accruing again. So it's supposed to be done pretty quickly. I just wanted you to be aware of that.
>
> THE COURT: I understand.

MR. WINDSOR: Your Honor, I don't know if it's possible, I don't see anything in the statute and I haven't found any cases, but I'm certainly agreeable to enter into something that extends the period of time if they aren't dismissed for various reasons because I believe - - I believe one or more of them is expired, one of them was filed during the stay so there are some procedural issues, but the point is, if it's possible to agree to give a longer period of time to them, I'm happy to do that.

At that point, the trial court instructed Windsor, Fleming's counsel, and Round's counsel to confer and "come up with a framework for these hearings." After they conferred, the following exchange occurred:

THE COURT: Then, Counsel, what type of input or agreement with Mr. Windsor did you reach? Do we have a hearing date coming up?

[Round's counsel]: Your Honor, we reached an agreement on a hearing date of October 28th at 1:30 p.m. and [the court coordinator] has been kind enough to reserve the afternoon for the special appearance as well as the discovery issues, whether discovery is warranted on the Chapter 27 Motions to Dismiss and we reached an agreement on that day and those hearings.

THE COURT: So bottom line then, the hearing date set for October 28th, 2014 at 1:30 p.m., that will be, number one, to first consider the special appearance issues and matters related to defendant Sam Round . . . .

And then, secondly, to determine whether or not any discovery in the nature, scope and extent of discovery, if any, will take place in the Chapter 27 hearing. And, of course, that may or may not affect Mr. Round depending upon the Trial Court's ruling in the special appearance but will affect Sean Fleming. Is that correct, [Fleming's counsel]?

[Fleming's counsel]: Yes, Your Honor.

. . . .

[Fleming's counsel]: Your Honor, hopefully at that hearing we'll then be able to set a hearing date for the Motion to Dismiss. Is that what you're envisioning?

THE COURT: Absolutely. Absolutely. . . .

. . . .

[Fleming's counsel]:  I was just going to make a note that, I mean, as long as it's not an issue, that the statute does say that the hearing should be I think up in 90 days after service, but as long as that's not going to be an issue, there's no objection.

THE COURT:  You tell me, do I lose jurisdiction over that issue?  By stipulation?

[Fleming's counsel]:  Can we stipulate?

MR. WINDSOR:  Well, I think what you could actually do would be to set a date just as long as it's off in the future somewhere.  I understand you'd be busy in November, so maybe December.

[Fleming's counsel]:  You're not going to feel  - -  you'll stipulate on the record that  - -

THE COURT:  Well, I tell you what.  Let's do this.  Let's set the hearing on the merits for Chapter 27 also for October 28th, 2014 with the understanding that it may be announced and started, but it will be immediately recessed.  And the reason why it will be recessed is to address discovery issues.

So pragmatically you're not going to reach the merits.  But for all purposes  - -  for all legal purposes whatsoever and on the record, that issue will be at least started and kept open.

And, Mr. Windsor, you're also stipulating to the fullest extent under the law that the Trial Court's authority to hear such Chapter 27 matters, even outside the 90-day rule is permissible, correct?

MR. WINDSOR:  No[t] exactly, Your Honor.  I had filed motions that these  - -  Section 27 [*sic*] are defective for various reasons so  - -

THE COURT:  I understand.  But you're not waiving your arguments that they're defective.  Are you suggesting that if the defectives  - -  if the defects or fails and we arrive at that determination after the 90-day time period they cannot be brought up?  Are you talking about procedural defects or substantive defects?

MR. WINDSOR: One of them has expired, Your Honor, according to the statute. One of them was filed while the stay was in effect. Several of the pro se defendants have now filed them. It's well past the 60 days that you're allowed, so that would wipe them all out.

[Fleming's counsel]: Your Honor, one comment. I think - -

THE COURT: Here's what we've got to do then. I didn't realize those other pro se defendants filed Chapter 27 motions, so are all our pro se defendants here as far as we know?

MR. WINDSOR: No, Your Honor.

THE COURT: Well, the ones that announced earlier this morning, are they here?

[Pro se defendant]: Yes.

THE COURT: Everybody still here. Okay. Then I'm giving you notice now that we are going to hear the Chapter 27 motions on October 28, 2014, at 1:30 p.m. At the time we begin the hearing I will be open to the request to consider whether or not I will allow any discovery. If I allow discovery, we will, perhaps, adjourn certain or all of the motions. We'll allow the discovery to take place. Then we'll resume. If I don't allow the discovery to take place, then we will hear the motions on the merits. Sound reasonable?

[Round's counsel]: Yes, Your Honor[.]

[Fleming's counsel]: Yes.

THE COURT: Mr. Windsor?

MR. WINDSOR: Yes, Your Honor.

THE COURT: Pro se defendants agreeable?

PRO SE DEFENDANTS: Yes.

- **September 24, 2014** – Fleming filed a "Motion to Declare [Windsor] a Vexatious Litigant [and] Request Security under Chapter 11 of the Texas Civil Practice and Remedies Code."

- **October 2, 2014** – Windsor filed a motion to strike, and, in a separate document, a response to, Fleming's "Motion to Declare [Windsor] a Vexatious Litigant [and] Request Security under Chapter 11 of the Texas Civil Practice and Remedies Code." Windsor also moved for sanctions against Fleming.

- **October 23, 2014** – Fleming filed a reply to Windsor's response to Fleming's TCPA motion to dismiss.

- **October 27, 2014** – Fleming filed a response to Windsor's motion to strike Fleming's "Motion to Declare [Windsor] a Vexatious Litigant [and] Request Security under Chapter 11 of the Texas Civil Practice and Remedies Code." Fleming also responded to Windsor's motion for sanctions against him.

- **October 28, 2014** – Windsor filed his third amended petition against Fleming and the other defendants. Along with the allegations in his second amended petition, Windsor alleged in his third amended petition that Fleming's and the other defendants' actions constituted intentional infliction of emotional distress through online impersonation.

Additionally, on October 28, Windsor filed a "Motion Regarding Expiration of Motion to Dismiss of Defendant Sean D. Fleming." The trial court then held a hearing.

The trial court stated that the "first order of business" at the hearing was Round's special appearance. Once that portion of the hearing concluded,[2] the trial court then stated, "[Fleming's counsel], let's go ahead and proceed with your Motion to Dismiss under Chapter 27 of the Civil Practic[e] and Remedies Code." Windsor, however, objected at that point, stating as follows:

> Your Honor, I would like to object to this next topic that you want to cover. I filed today a Motion regarding Expiration of the Motion to Dismiss of Sean D. Fleming, and counsel gave you a copy of it so you have it there.
>
> The issue is that the timing relative to these so-called Texas Citizens Participation Act filings and hearings are very, very specific. In this case, Sean D. Fleming served to me on February 24th a copy of that service document which is attached as an exhibit to this.
>
> The hearing - - and it states - - the statute says, "In no event", [sic] twice it says this. "In no event, shall the hearing occur more than 90 days after the service of the Motion". [sic] Well, if we calculate those days, we come up that October 26th was the date that the hearing needed to be held. It's October 28th, by statute, this Motion to Dismiss has been denied. Their option now is to file an appeal. The hearing was not held in the required 90 days.

After the trial court and the parties discussed Windsor's objection, and after the trial court recessed the hearing for about an hour, Fleming's counsel asserted:

> Your Honor, I don't mean to interrupt, but I do have a suggestion to get around this dilemma that we've been discussing so that you can arrive at a legally correct ruling if I could just be heard for one moment, and I didn't think of it until the break. Section 27.006(b) says, "On a motion by a party or on the Court's own motion or on a showing of good cause, the Court may allow specified and limited discovery relevant to the Motion, and if the Court allows such discovery, you have up until 120 days to have this hearing". [sic]

---

[2] The trial court ultimately signed an order on November 24, 2014, sustaining Round's special appearance and dismissing with prejudice all of Windsor's claims against Round.

So, I would make a motion that the Court allow - - or the Court may on its own motion allow specified and limited discovery relevant to the motion . . . .

The trial court asked Windsor if he was "generally agreeable in principle to additional discovery in this circumstance." Windsor replied, "No, Your Honor, not at all. The statute says, 'In no event, in no event shall the hearing occur more than 90 days after'. [*sic*] You can't come on the 92nd day and make a motion about discovery because the 90 days are up." The trial court thus made a ruling, which consisted of the following:

THE COURT: . . . .

With respect to the Civil Practices and Remedies Code, Section 27.004 hearing and related Motions to Dismiss under CPRC 27.0003 [*sic*], Number 1, the trial court does find that Mr. Fleming's Motion was originally timely filed and that it was filed within 60 days after the date of when he was served with the Original Petition for lawsuit. The trial court recognizes that at a point in time in March this trial court stayed all proceedings and discovery primarily because it was dealing with a Federal District Court Injunction out of Georgia, its application to this case, and further, there was a related appeal filed by Mr. Windsor, I believe against Judge Fitzwater, writ of mandamus, to the New Orleans Court of Appeals. So, generally, for those reasons, this trial court stayed certain actions and proceedings.

At a point in time in August, I don't have the specific date handy, the trial court lifted the stay of proceedings - -

[Fleming's counsel]: August 10th, Your Honor.

THE COURT: - - and that became, I believe, at that point in time after the New Orleans Court of Appeals issued its decision with respect to Judge Fitzwater. That was also at the same time or after the trial court issued its ruling with respect to the nonapplicability of the Georgia Federal District Court Injunction.

At any rate, due in part to those events and the collective history in connection with this case and also taking into account that a new District Court was created for Ellis County, to-wit, 443rd District Court, wherein

that announcement was made either in late August or early September wherein a Judge was sworn in on September 4th, 2014, this trial court does find that the docket conditions were such that good cause was presented and it required a later hearing date, so this trial court is going to take the maximum amount of time allowed by law to conduct a hearing in connection with the anti-[SLAPP] Motion[ ] to Dismiss presented by Mr. Fleming.

Prior to going on break, we came down to 27.004, Subsection B, the 90-day rule and Subsection C, the 120-day rule.

As I reviewed the pleadings and affidavits and exhibits on file, the trial court finds and believes that I want both sides, that is, both Plaintiff Mr. Windsor and both Defendant, Mr. Fleming, to have some opportunity to engage in discovery because this issue is so important and this issue may provide either side or both sides with the possibility of an Interlocutory Appeal, I want to make sure that this trial court does its job and gets the decision correct based upon the law and the evidence, let the chips fall where they will, may be permitted to go forward if the speech is not constitutionally protected, and the defamatory nature may not be permitted to go forward if the speech is constitutionally protected.

But at any rate, Chapter 27, CPRC sets forth in detail the various burdens of proof and the various requirements and elements and legal standard that both sides need to prove in order to prevail on their respective cases, so bottom line, I [am] going to allow the discovery and I am going to find that the 120-day rule applies, I would like to expedite the discovery, and I would like to proceed forward on the dismissal hearing as quickly as possible . . . .

Thereafter, the trial court set the following schedule. The trial court required Windsor to file any reply to Fleming's response to Windsor's motion to declare that he is not a public figure or limited-purpose public figure by October 30, 2014. The trial court required Fleming's counsel to file any sur-reply to Windsor's reply to Fleming's response to Windsor's motion to declare that he is not a public figure or limited-purpose public figure by November 3, 2014. The trial court then scheduled a hearing on Windsor's motion to declare that he is not a public figure or limited-purpose public figure for

November 6, 2014. The trial court stated that after it ruled on that date, it would determine the scope of discovery to allow with regard to Fleming's TCPA motion to dismiss. Finally, the trial court scheduled the hearing on Fleming's TCPA motion to dismiss for November 20, 2014.

- **October 30, 2014** – Windsor filed an emergency motion for stay. Windsor stated in the motion that he had been "incarcerated at the Ellis County Jail following the October 28, 2014 hearing" in relation to a legal matter in Montana. Windsor therefore requested that the trial court stay the proceedings until at least forty-eight hours following his release from jail.

Additionally, on October 30, Windsor filed a "partial reply" to Fleming's response to Windsor's motion to declare that he is not a public figure or a limited-purpose public figure.

- **November 3, 2014** – Fleming filed a sur-reply to Windsor's reply to Fleming's response to Windsor's motion to declare that he is not a public figure or a limited-purpose public figure.

- **November 6, 2014** – The trial court held the next hearing. The trial court began by addressing Windsor's emergency motion for stay. After discussing the motion extensively with the parties, the trial court stated that it did not "see how [Windsor was] prejudiced by this matter." The trial court informed Windsor that he was free to use anything in the three boxes of records from the case at any time that he wanted during the hearing. The trial court also made sure that Windsor received his own copy of each of the following: Windsor's motion to declare that he is not a public figure or limited-

purpose public figure, Fleming's response to Windsor's motion, Windsor's reply to Fleming's response to Windsor's motion, and Fleming's sur-reply to Windsor's reply to Fleming's response to Windsor's motion. Finally, the trial court recessed the hearing "for a few minutes" to give Windsor "an opportunity to review these documents" before continuing.

After the recess, the trial court began the portion of the hearing on Windsor's motion to declare that he is not a public figure or limited-purpose public figure. Windsor testified at the hearing, and several exhibits were admitted into evidence. The trial court then stated as follows:

> The Trial Court's ruling in Cause Number 88611, William M. Windsor as plaintiff versus joeyisalittlekid.blogspot.com, et al is as follows. Trial Court finds that William Windsor is not an all purpose public figure. Further, the Trial Court finds at a minimum that William Windsor is an on-line internet and social media crusader against judicial and governmental corruption and the leader of the revolutionary party. Trial Court finds that William Windsor is a limited purpose public figure in those areas.

After making the foregoing ruling, the trial court then moved on to the issue of discovery with respect to Fleming's TCPA motion to dismiss. The trial court determined that Windsor would be allowed to ask questions of Fleming regarding the allegedly defamatory statements that Windsor believed that Fleming made. Windsor, however, was required to identify the date, time, and media source or publication outlet for each statement about which he questioned Fleming, and Windsor's questions were required to be sent to Fleming by November 10, 2014. The trial court ordered that after receiving Windsor's questions, Fleming would then be required to admit or deny making each allegedly defamatory statement and to explain why he felt that the statement was

constitutionally protected. Fleming's responses were required to be sent to Windsor by November 17, 2014. The trial court stated that Windsor would then be required to explain why each of the statements was not constitutionally protected, *i.e.*, why each of the statements was defamatory.

• **November 10, 2014 –** Windsor filed a "Motion for Reconsideration of Orders Regarding Sean D. Fleming's Motion to Dismiss." Although filed on November 10, the motion was dated October 30. Windsor requested in the motion that the trial court reconsider his "Motion Regarding Expiration of Motion to Dismiss of Defendant Sean D. Fleming" and asked that the trial court "rule that the motion was denied by statute."

• **November 12, 2014 –** Windsor filed a second emergency motion for stay. In the motion, Windsor again requested that the trial court stay the proceedings because of the difficulties that he was encountering in representing himself while in jail.

• **November 13, 2014 –** Windsor filed a motion for limited discovery from Fleming on Fleming's TCPA motion to dismiss and, in a separate document, a third emergency motion for stay. Both motions were dated November 10 even though they were not filed until November 13. In the third emergency motion for stay, Windsor incorporated his first two emergency motions for stay; explained that, because of his circumstances, he "ha[d] not been allowed" to meet the deadline that the trial court had set to submit discovery to Fleming; and requested that the trial court stay the proceedings until the problems he was experiencing were resolved.

Additionally, on November 13, Windsor filed a "Notice of Appeal of Order Regarding Motion to Dismiss of Defendant Sean D. Fleming."

- **November 17, 2014** – Windsor filed a response to Fleming's TCPA motion to dismiss. Windsor also filed a request for findings of fact and conclusions of law regarding the trial court's ruling on Windsor's motion to declare that he is not a public figure or a limited-purpose public figure.

- **November 18, 2014** – Windsor filed a "Motion to Strike 'Exhibits' Attached to Affidavits on Defendant Sean D. Fleming's Filings on His Motion to Dismiss." Windsor also filed a motion to strike Fleming's reply to Windsor's response to Fleming's TCPA motion to dismiss.

- **November 19, 2014** – Windsor filed another motion for stay, again requesting that the trial court stay the proceedings because of the difficulties that he was encountering in representing himself while in jail.

- **November 20, 2014** – The trial court held another hearing. At the outset, the trial court asked whether Windsor had been able to comply with the discovery order that had been outlined during the November 6 hearing. Windsor replied that he had not. The trial court then asked Fleming's counsel what her experience had been with regard to the discovery, and Fleming's counsel replied, "I never received any discovery from Mr. Windsor, and I never received any responses to my discovery." The trial court nevertheless continued with the hearing on Fleming's TCPA motion to dismiss.

At the conclusion of the hearing, the trial court decided to delay its ruling so that it could first review everything that the parties had filed. The trial court stated that the parties were also free to forward any further analysis of the law or even supplemental affidavits to the trial court if they wished. Fleming's counsel then requested at that time

that the trial court award Fleming attorney's fees and costs and assess sanctions against Windsor if the trial court granted Fleming's motion to dismiss.

- **November 21, 2014** – Windsor filed a request for leave to appeal the trial court's ruling on his motion to declare that he is not a public figure or a limited-purpose public figure.

- **November 24, 2014** – Windsor filed a supplement to his response to Fleming's TCPA motion to dismiss.

- **November 25, 2014** – Windsor filed an "Emergency Motion for Extension of Time [to December 7, 2014] to Supplement Record in Response to Defendant Sean D. Fleming's Motion to Dismiss." Windsor also filed a supplement to his motion to strike Fleming's reply to Windsor's response to Fleming's TCPA motion to dismiss.

- **November 28, 2014** – The trial court sent a letter to the parties stating that such correspondence constituted the trial court's "*memorandum ruling*" in connection with Fleming's TCPA motion to dismiss. The letter provided:

> In accordance with CPRC Section 27.005(b), the trial court finds that the Defendant and Movant herein, Sean D. Fleming ("Fleming"), has shown by a preponderance of the evidence that the legal action brought by the Plaintiff, William M. Windsor ("Windsor"), is based on, relates to, and is in response to Fleming's exercise of his right of free speech.
>
> Further, as required by CPRC Section 27.005(c), Windsor has failed to establish by clear and specific evidence a prima facie case for each essential element of his defamation claim against Fleming which is in question.
>
> Moreover, notwithstanding the provisions of CPRC Section 27.005(c), Fleming has established by a preponderance of evidence a valid defense to Windsor's claim.
>
> Therefore, the trial court hereby *grants* the Motion to Dismiss.

Because Fleming was the prevailing party, the trial court then requested in the letter that Fleming's counsel draft the dismissal order consistent with the memorandum ruling.

Additionally, the letter provided that the correspondence would serve as the "*notice of hearing*" for certain legal matters. The trial court stated in the letter that, consistent with section 27.009 of the Civil Practice and Remedies Code, it was required to award Fleming court costs, reasonable attorney's fees, and other expenses in defending the action as justice and equity might require, along with sanctions against Windsor as the court determined sufficient to deter the filing of similar actions. Accordingly, the letter provided that the trial court would conduct a hearing on December 8, 2014, to enter the dismissal order and to review all evidence in support of the relief described in section 27.009, along with legal analysis and arguments from both sides. The trial court also set the following pleading schedule for the hearing. Fleming was required to file and serve all supplemental pleadings and evidence by December 3, 2014. Windsor was required to file and serve any regular or supplemental written response by December 4, 2014, and Fleming was required to file and serve any final written reply by December 5, 2014.

- **December 2, 2014** – Windsor filed a second supplement to his response to Fleming's TCPA motion to dismiss. It was dated November 27 even though it was not filed until December 2.

- **December 3, 2014** – Windsor filed a notice of appeal from the trial court's November 28 memorandum ruling. Windsor also filed a motion for discovery, including discovery from Fleming; a motion for continuance of the hearing scheduled for December

8, 2014; and a motion for stay of all proceedings related to Fleming until Windsor had "pursue[d] all available appellate relief."

Additionally, on December 3, Fleming filed a supplemental motion for costs, expenses, attorney's fees, and sanctions in support of his TCPA motion to dismiss.

- **December 8, 2014** – Windsor filed a motion to recuse the Honorable Bob Carroll from presiding over the case.

- **December 12, 2014** – Fleming filed a response to Windsor's motion to recuse the Honorable Judge Carroll, arguing that the motion should be denied.

- **December 17, 2014** – The Honorable Judge Carroll signed a voluntary recusal order in the interest of judicial economy. Based on the voluntary recusal, the Presiding Judge of the First Administrative Judicial Region transferred the case to the 378th District Court of Ellis County and assigned the Honorable Gene Knize to preside over the case.

- **December 18, 2014** – The trial court, *i.e.*, the Honorable Judge Knize, began conducting another hearing. At the outset, Judge Knize informed the parties that he had been assigned to preside over the case and that each side had the right to challenge an assigned judge. Judge Knize then inquired, "So does either side wish to challenge the judge that's been assigned to hear this case, which is me?" Windsor replied, "Yes. Your Honor, I do." At that point, in an order of assignment, the Honorable Richard Davis was assigned to preside over the case by the Presiding Judge of the First Administrative Judicial Region.

While the Honorable Judge Davis was traveling to the courthouse, Windsor filed a motion to strike the affidavits of Fleming and his attorneys, a motion for continuance of the hearing being held that day, and a notice of removal stating that he removed this case to the United States District Court of South Dakota. Once Judge Davis arrived to continue conducting the hearing, Windsor informed the trial court of his filings and then stated, "I don't believe you have jurisdiction at this point." Windsor further asserted that if the notice of removal did not deny the trial court jurisdiction, then the trial court should "stay the case and continue it." The trial court ultimately ruled: "Court feels that the Court does have jurisdiction at this time, and we'll continue with the hearing today. Motion for Stay is denied at this point. The Court does recognize the timeframes that we're dealing with. At this time you may proceed."

The trial court continued with the hearing on Fleming's motion for entry of order and assessment of attorney's fees, court costs, and sanctions. Later that day, the trial court then signed an "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor." The order stated in pertinent part that the trial court

> **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Dismiss and Supplemental Motion for Costs, Expenses, Attorney's Fees, and Sanctions in Support of his Motion to Dismiss are hereby granted; that all of Plaintiff's claims against Defendant Sean Fleming are dismissed with prejudice; that Plaintiff shall be required to pay Defendant Sean Fleming expenses and costs of $3,526.63 and reasonable and necessary attorney's fees of $77,558.50 incurred in defending against this legal action; and that Plaintiff shall be ordered to pay Defendant Sean Fleming sanctions in the

amount of $250,000.00 to deter Plaintiff from bringing such actions in the future. . . .

- **January 12, 2015** – Windsor filed a notice of appeal from the trial court's December 18 order.

- **January 15, 2015** – Fleming filed a motion to sever all claims and causes of action against him. Fleming also filed a "Notice of Oral Hearing," providing notice that the motion to sever had been scheduled for an oral hearing on January 29, 2015.

- **January 28, 2015** – The United States District Court of South Dakota, Central Division, dismissed Windsor's "case," stating, "The failure of Windsor to meet any of the requirements for removing a case to federal court renders his purported removal of the Ellis County, Texas case a nullity." *Windsor v. Joey Is A Little Kid*, No. 3:14-CV-03020, slip op. at 2 (D.S.D. Jan. 28, 2015) (order dismissing proceeding).

- **January 29, 2015** – The trial court (the Honorable Joe F. Grubbs) held a hearing. Windsor did not appear at the hearing. Fleming's counsel nevertheless presented Fleming's motion to sever all claims and causes of action against him. After considering the motion, the trial court signed an order granting Fleming's motion to sever. The order stated: "The Court hereby SEVERS all claims brought by the Plaintiff against Defendant Sean D. Fleming and ORDERS the Clerk of the Court to assign the severed action the separate cause number of **88611-A** styled *William M. Windsor v. Sean D. Fleming . . . .*" The order further provided:

> The Court's prior order signed on December 18, [2014] entitled "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees, and Sanctions in Favor of Sean Fleming Against William Windsor" dismissing

all claims and causes of action asserted by Plaintiff against Defendant, is now FINAL and COLLECTABLE disposing of all claims and causes of action as between Plaintiff and Defendant Sean D. Fleming.

- **February 12, 2015** – Windsor filed a request for findings of fact and conclusions of law "for each order entered by this Court within the last 20 days and since [December 18]."

- **March 9, 2015** – Windsor filed a "Notice of Failure to Provide Findings of Fact and Conclusions of Law."

- **March 20, 2015** – Fleming filed a motion for entry of proposed findings of fact and conclusions of law.

- **March 31, 2015** – The trial court made findings of fact and conclusions of law in support of its December 18, 2014 "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor" and its January 29, 2015 "Order Granting Defendant Sean Fleming's Motion to Sever."

- **April 13, 2015** – Windsor filed a "Motion to Quash Findings of Fact and Conclusions of Law."[3]

---

[3] Windsor's February 12, 2015 "Request for Findings of Fact and Conclusions of Law," Windsor's March 9, 2015 "Notice of Failure to Provide Findings of Fact and Conclusions of Law," Fleming's March 20, 2015 "Motion for Entry of Proposed Findings of Fact and Conclusions of Law," the trial court's March 31, 2015 "Findings of Fact and Conclusions of Law," and Windsor's April 13, 2015 "Motion to Quash Findings of Fact and Conclusions of Law" were all filed in the original cause number (88611), not the new cause number (88611-A). That does not, however, affect this Court's analysis of any of the issues raised in this appeal. *See Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (per curiam) ("'[A] party should not be punished "for failure to comply with the terms of an order of severance ignored by [both the opposing party] and the court."' Instead, 'the decisions of the courts of appeals [should] turn on substance rather than procedural technicality.'" (citations omitted)).

**Pending Motions in This Court**

On August 3, 2016, this Court issued an order that, in part, requested that Fleming submit a letter brief on the effect, if any, of Windsor's November 13, 2014 notice of appeal and December 18, 2014 notice of removal. The Court's order further provided that Windsor may submit a reply letter brief to Fleming's letter brief.

Fleming thereafter filed a letter brief, and Windsor filed a reply letter brief. Upon review of the record and the parties' letter briefs, this Court then issued an order on October 5, 2016, addressing the effect (or lack thereof) of Windsor's November 13, 2014 notice of appeal and December 18, 2014 notice of removal.

On October 18, 2016, Windsor filed a "Motion for Rehearing" of this Court's October 5, 2016 order. Windsor also filed a motion to amend his appellant's brief. The Court then requested that Fleming file a response to Windsor's "Motion for Rehearing," which Fleming did.

We deny Windsor's "Motion for Rehearing" and his motion to amend his appellant's brief. Nevertheless, the Court's October 5, 2016 order is withdrawn. The effect, if any, of Windsor's November 13, 2014 notice of appeal and December 18, 2014 notice of removal, as well as the arguments presented in Windsor's "Motion for Rehearing" regarding any effect, will be addressed below in Issues 1, 2, 3 and 4 of this memorandum opinion.

**Issue Nos. 1 and 2**

In Issue Nos. 1 and 2, Windsor contends that Fleming's TCPA motion to dismiss was denied by operation of law or expired by operation of law on either April 25, 2014,

or October 26, 2014, because the trial court failed to conduct a hearing on the motion to dismiss within the time frame required by Civil Practice and Remedies Code section 27.004.

First, Windsor argues in Issue No. 1 that under section 27.004, the trial court was required to conduct the hearing on Fleming's motion to dismiss by April 25, 2014, and that Fleming's motion to dismiss expired because the trial court did not conduct the hearing by that time. Windsor's argument, however, is based on a claim that the trial court erred in its March 10, 2014 memorandum ruling by staying Fleming's TCPA motion to dismiss. Windsor did not preserve such a complaint about the trial court's March 10, 2014 memorandum ruling for appellate review.

Rule of Appellate Procedure 33.1(a) provides in relevant part:

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context . . . .

TEX. R. APP. P. 33.1(a)(1)(A). Here, after the trial court issued its March 10, 2014 memorandum ruling, Windsor filed a motion on March 17, 2014, requesting that the trial court allow him to conduct discovery and that the hearing on Fleming's TCPA motion to dismiss be set for June 23, 2014, approximately 120 days from the date that Fleming filed his motion to dismiss. But Windsor did not make a specific complaint about the trial

court's March 10, 2014 memorandum ruling such that the trial court would understand that Windsor wanted the ruling to be reconsidered. *See McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 74 (Tex. 1989) ("A specific objection is one which enables the trial court to understand the precise grounds so as to make an informed ruling, affording the offering party an opportunity to remedy the defect, if possible."). The same is true for Windsor's April 7, 2014 "Constitutional Challenge to Texas Citizens Participation Act" and his motion to dismiss Fleming's TCPA motion to dismiss. Furthermore, any complaint about the trial court's March 10, 2014 memorandum ruling that Windsor may have made after April 25, 2014 was untimely because it was not made until after the trial court could have cured the alleged error. *See Anderton v. Green*, 555 S.W.3d 361, 372 n.4 (Tex. App.—Dallas 2018, no pet.) ("A 'timely' objection is 'one "interposed at a point in the proceedings which gives the trial court the opportunity to cure any alleged error."'") (quoting *Crews v. Dkasi Corp.*, 469 S.W.3d 194, 201 (Tex. App.—Dallas 2015, pet. denied) (quoting *Driver v. Conley*, 320 S.W.3d 516, 518 n.3 (Tex. App.—Texarkana 2010, pet. denied))).

Windsor therefore made no timely and specific complaint to the trial court about the trial court's March 10, 2014 memorandum ruling staying Fleming's motion to dismiss. Accordingly, Windsor failed to preserve Issue No. 1 for appellate review. *See* TEX. R. APP. P. 33.1(a).

In Issue No. 2, Windsor argues that even if the trial court's March 10, 2014 memorandum ruling extended the time frame in which the trial court had to conduct the hearing on Fleming's TCPA motion to dismiss, the trial court was still required under

section 27.004 to conduct the hearing by October 26, 2014, and that Fleming's TCPA motion to dismiss expired because the trial court did not conduct the hearing by that time. But a party cannot lead a trial court into error and then complain about it later on appeal. *Zertuche v. Bexar Cty.*, No. 04-08-00895-CV, 2009 WL 2183631, at *3 (Tex. App.—San Antonio Jul. 22, 2009, pet. denied) (mem. op.) (citing *Union City Body Co. v. Ramirez*, 911 S.W.2d 196, 202 (Tex. App.—San Antonio 1995, orig. proceeding)); *see also Haler v. Boyington Capital Group, Inc.,* 411 S.W.3d 631, 637 (Tex. App.—Dallas 2013, pet. denied) ("[T]he doctrine of invited error provides that a party may not complain of an error which the party invited.").

At the September 19, 2014 hearing, as Fleming's counsel was emphasizing to the trial court the importance of holding the hearing on Fleming's TCPA motion to dismiss quickly, Windsor volunteered, "[I]f it's possible to agree to give a longer period of time to them, I'm happy to do that." Windsor claims that he did not thereafter actually agree to a deadline extension. He also argues that he did not waive his complaint because he stated, "Several of the pro se defendants have now filed [TCPA motions to dismiss]. It's well past the 60 days that you're allowed, so that would wipe them all out." But Windsor was complaining at that time about the pro se defendants having filed their motions to dismiss untimely. Windsor was not complaining that any future hearing on Fleming's TCPA motion to dismiss would be untimely. In fact, at one point, Windsor suggested to the trial court that it should set the hearing for "maybe December." And when the trial court finally stated that it was "going to hear the Chapter 27 motions on October 28, 2014," and asked if that sounded reasonable, Windsor replied, "Yes, Your Honor."

Accordingly, Windsor cannot now complain that the hearing had to have been conducted by October 26, 2014.[4] *See Zertuche*, 2009 WL 2183631, at *3. Windsor's Issue No. 2 is therefore overruled.

### Issue No. 3

In Issue No. 3, Windsor contends that the trial court lost jurisdiction over Fleming's TCPA motion to dismiss when Windsor filed his November 13, 2014 notice of appeal. We disagree.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012. Interlocutory orders may be appealed, however, if permitted by statute. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). No statutory authority exists for an interlocutory appeal from the grant of a motion to dismiss under section 27.003 of the TCPA. *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). But Civil Practice and Remedies Code subsection 51.014(a)(12) provides: "A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). Subsection 51.014(b) further states that an interlocutory appeal under

---

[4] Windsor did not raise the complaint in Issue No. 2 for the first time in this appeal. By October 28, 2014, Windsor was complaining in a "Motion Regarding Expiration of Motion to Dismiss of Defendant Sean D. Fleming" that the hearing had to have been conducted by October 26, 2014. By October 28, 2014, however, the complaint was untimely because the trial court could no longer cure the alleged error into which Windsor had led it. *See Anderton*, 555 S.W.3d at 372 n.4.

subsection (a)(12) "stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 51.014(b).

Windsor argues that Fleming's motion to dismiss was denied by operation of law on October 26, 2014, that Windsor filed a proper interlocutory appeal from the denial when he filed his November 13, 2014 notice of appeal, and that the trial court therefore lost jurisdiction to make any later rulings, including granting Fleming's motion to dismiss. We assume without deciding that subsection 51.014(a)(12) applies when a TCPA motion to dismiss is denied by operation of law.

Windsor appears to argue that Fleming's TCPA motion to dismiss was denied by operation of law on October 26, 2014, for the same reason that Windsor urged in Issue No. 2, *i.e.*, because the trial court failed to conduct a hearing on the motion to dismiss within the time frame required by Civil Practice and Remedies Code section 27.004. We have already concluded in Issue No. 2, however, that Windsor cannot now complain that the hearing had to have been conducted by October 26, 2014. *See Zertuche*, 2009 WL 2183631, at *3.

Moreover, although Fleming's TCPA motion to dismiss might have *expired* if Windsor had not led the trial court into the alleged error, the motion to dismiss could not have been *denied by operation of law* simply because the hearing was not conducted within the time frame required by section 27.004. *See Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.) ("[W]e need not read into the statute a provision that the court's failure to hold a timely hearing on the motion to dismiss constitutes a denial of the motion by operation of law. Because the

movant has the burden of obtaining a timely setting on the motion to dismiss, the more appropriate interpretation is to conclude that the movant's failure to have the case set for a timely hearing results in the movant forfeiting the TCPA's protections, and the case should continue as if the motion to dismiss was never filed."). Instead, Civil Practice and Remedies Code subsection 27.005(a) provides: "The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a). Subsection 27.008(a) then provides: "If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." *Id.* § 27.008(a).

Here, the trial court held the hearing on Fleming's TCPA motion to dismiss on November 20, 2014. Eight days later, on November 28, 2014, the trial court issued a memorandum ruling, stating that it was granting Fleming's TCPA motion to dismiss. On December 18, 2014, also within thirty days of the November 20 hearing, the trial court then signed its "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor." Fleming's motion to dismiss was therefore never denied by operation of law. *See id.* §§ 27.005(a), 27.008(a).

Accordingly, Windsor was authorized to appeal only from the final judgment in this case. On January 29, 2015, the trial court signed the order granting Fleming's motion to sever, making the trial court's December 18, 2014 "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses,

Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor" final. *See G.R. Auto Care v. NCI Group, Inc.*, Nos. 01-17-00068-CV, 01-17-00243-CV, 2018 WL 4087295, at *7 (Tex. App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) (mem. op.) ("A severance order makes an interlocutory judgment final and appealable if the judgment disposes of all claims between the parties."). Windsor's prematurely filed notices of appeal became effective and were deemed filed on the day of, but after, the trial court signed the severance order. *See* TEX. R. APP. P. 27.1(a). Because Windsor never filed a proper interlocutory appeal, Rule of Appellate Procedure 29.5(b) did not apply. *See id.* R. 29.5(b). Windsor's Issue No. 3 is overruled.

## Issue No. 4

In Issue No. 4, Windsor contends that the trial court lacked jurisdiction to sign its December 18, 2014 "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor" because Windsor had removed the case to federal court. *See* 28 U.S.C. § 1446(d). We conclude, however, that, because Windsor's purported removal was a nullity, *see Windsor v. Joey Is A Little Kid*, No. 3:14-CV-03020, slip op. at 2 (D.S.D. Jan. 28, 2015) (order dismissing proceeding), it did not deprive the trial court of jurisdiction to sign its December 18, 2014 order. *See Parrish v. State*, 485 S.W.3d 86, 89-90 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Issue No. 4 is overruled.

## Issue No. 5

In Issue No. 5, Windsor contends that the trial court erred in failing to grant him an extension of time to supplement his petition with specific evidence of defamation.

More specifically, Windsor asserts that he was not allowed sufficient discovery and sufficient time to supplement. This issue, however, is inadequately briefed.[5]

The rules of appellate procedure require that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations. *Martinez v. El Paso Cty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

Windsor's argument in this issue is conclusory. Windsor states generally that he "tried repeatedly to obtain discovery" but that he was not given the discovery and was ignored. But Windsor does not identify and analyze specific adverse rulings or refusals to rule by the trial court. *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.").

---

[5] Windsor has twice had the opportunity to amend his appellant's brief to cure any deficiencies. In a July 16, 2015 order, this Court struck Windsor's initial appellant's brief because it was prematurely filed. It was filed before the appellate record was filed and thus lacked the required citations to record references. Windsor filed a second appellant's brief on September 22, 2015. But it too lacked the required citations to record references; therefore, in an August 3, 2016 order, this Court struck Windsor's September 22, 2015 appellant's brief. This Court nevertheless granted Windsor's motion to file an amended appellant's brief. This Court's order specifically notified Windsor that his amended appellant's brief shall substantially comply with Rule of Appellate Procedure 38.1 and must include appropriate citations to the record. Windsor thereafter filed his current appellant's brief on September 21, 2016; however, several of his issues are still inadequately briefed and will be overruled as such.

Furthermore, Windsor's argument regarding this issue contains no citations to any legal authorities. Issue No. 5 is therefore overruled as inadequately briefed.[6]

**Issue No. 7**

In Issue No. 7, Windsor contends that the trial court erred in failing to address his April 7, 2014 motion to dismiss Fleming's TCPA motion to dismiss. The trial court, however, implicitly denied Windsor's motion to dismiss by granting Fleming's TCPA motion to dismiss. *See Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("When parties present cross-motions that are opposed and mutually exclusive, an order that grants one motion may implicitly deny the other."). Windsor's Issue No. 7 is overruled.

**Issue No. 8**

In Issue No. 8, Windsor contends that the trial court erred in failing to address his motions. Windsor asserts that over one hundred motions were "ignored." Fleming responds that this issue is inadequately briefed, but Windsor replies that he has "referenced a list with citations to the Record" and has "referred to the Docket showing motions that were never addressed." Windsor has also cited one case in support of the general proposition that "[w]hen a motion is properly filed and pending before the trial court, the act of giving consideration to and ruling upon that motion is a ministerial act."

---

[6] We nevertheless note that Civil Practice and Remedies Code subsection 27.003(c) provides: "Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(c). And subsection 27.006(b) states: "On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and *limited* discovery relevant to the motion." *Id.* § 27.006(b) (emphasis added). At the November 6, 2014 hearing, the trial court did allow for specified and limited discovery relevant to Fleming's motion to dismiss.

*See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Windsor has not, however, addressed any of the motions specifically. He has not even specified in the record where each of the over one hundred motions was brought to the trial court's attention and the trial court refused to rule on the motion. We therefore overrule Windsor's Issue No. 8 as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Martinez*, 218 S.W.3d at 844; *Strange*, 126 S.W.3d at 678.

## Issue No. 9

In Issue No. 9, Windsor contends that the trial court erred in not addressing his April 7, 2014 "Constitutional Challenge to Texas Citizens Participation Act." The record, however, does not show that Windsor presented his constitutional challenges to the trial court, that the trial court refused to rule on the constitutional challenges, and that Windsor then objected to the trial court's refusal to rule. Accordingly, Windsor failed to preserve Issue No. 9 for appellate review. *See* TEX. R. APP. P. 33.1(a).

## Issue No. 10

In Issue No. 10, Windsor contends that the trial court erred in considering Fleming's motion to dismiss Windsor's original petition because Windsor had amended the petition such that his third amended petition was the live petition at the time that the trial court made its ruling. Windsor argues that because an amended petition supersedes all prior petitions, *see* TEX. R. CIV. P. 65, Fleming's motion to dismiss Windsor's original petition "ceased to be valid" when Windsor amended the petition.

Fleming's TCPA motion to dismiss, however, was not a motion to dismiss Windsor's original petition; rather, it was a motion to dismiss all of Windsor's claims against Fleming.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001(6) ("'Legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief."), 27.003(a) ("If a *legal action* is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the *legal action*." (emphasis added)).  And even though Windsor's third amended petition might have been more detailed and specific than his earlier petitions, Windsor's third amended petition was generally based on the same allegations and causes of action against Fleming as in Windsor's earlier petitions.  Therefore, Fleming's TCPA motion to dismiss did not "cease to be valid" when Windsor amended his petition.  Issue No. 10 is overruled.

### Issue Nos. 6, 11 – 18, and 24

In Issue No. 18, Windsor conclusorily contends that the trial court erred in granting Fleming's TCPA motion to dismiss.  Issue Nos. 6, 11, 12, 13, 14, 15, 16, 17, and 24, although presented as separate issues, are, in substance, all subparts of Issue No. 18, the overarching issue.  Accordingly, we will address each subpart (Issue Nos. 6, 11-17, and 24) below as we analyze and determine the overarching issue (Issue No. 18).

### A.    The TCPA

> "The [TCPA] protects citizens who [associate,] petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them."  *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015).  That

protection comes in the form of a special motion to dismiss, subject to expedited review, for "any suit that appears to stifle the defendant's" exercise of those rights. *Id.* Reviewing a TCPA motion to dismiss requires a three-step analysis. As a threshold matter, the moving party must show by a preponderance of the evidence that the TCPA properly applies to the legal action against it. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the moving party meets that burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmoving party satisfies that requirement, the burden finally shifts back to the moving party to prove each essential element of any valid defenses by a preponderance of the evidence. *Id.* § 27.005(d).

*Youngkin v. Hines*, 546 S.W.3d 675, 679-80 (Tex. 2018).

## B. Standard of Review

We review *de novo* the trial court's ruling on a motion to dismiss under the TCPA. *Beving v. Beadles*, 563 S.W.3d 399, 404 (Tex. App.—Fort Worth 2018, pet. denied). In reviewing the trial court's ruling, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). We view the pleadings and evidence in the light most favorable to the nonmovant. *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214-15 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## C. Step One: The TCPA's Applicability

The TCPA provides that a party may invoke the TCPA dismissal procedure if that party shows by a preponderance of the evidence that the legal action against it "is based on, relates to, or is in response to" the party's exercise of the right to speak, petition, or associate. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *see Youngkin*, 546 S.W.3d at 680. Pertinent here, the "exercise of the right of free speech" means "a communication made

in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3). A "communication" is broadly defined as "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1). A "matter of public concern" includes "an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7).

In Issue Nos. 11 and 14, Windsor contends that Fleming failed to establish that the legal action brought against him was based on his exercise of the right of free speech because Fleming never admitted making any of the alleged defamatory statements that were the basis of Windsor's claims against Fleming. Windsor further contends in Issue No. 14 that Fleming failed to establish that the legal action brought against him was based on his exercise of the right of free speech because Fleming presented no evidence at all regarding "the facts" of Windsor's defamation claims. We disagree.

The Texas Supreme Court has held that "[w]hen it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more" to satisfy the first step of the analysis. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). In reaching this holding, the *Hersh* court expressly stated that it disapproved of the contrary statements in *Pickens v. Cordia*, 433 S.W.3d 179 (Tex. App.—Dallas 2014, no pet.), and the cases that followed *Pickens*. *Hersh*, 526 S.W.3d at 467. Fleming was therefore not required to admit making any of the alleged defamatory statements or to present evidence regarding "the facts" of Windsor's defamation claims in order for Fleming to have satisfied the first step of the analysis and to have shown that the TCPA applied to

Windsor's actions against Fleming, as long as it was clear from Windsor's pleadings that the actions were covered by the TCPA. *See id.*

We believe that it was clear from Windsor's pleadings that each of Windsor's causes of action against Fleming was "based on, relate[d] to, or [was] in response to" Fleming's alleged "exercise of the right of free speech," *i.e.*, "a communication made in connection with a matter of public concern." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001(3), 27.003(a). Windsor alleged in his third amended petition that Fleming, together with the other defendants, made defamatory remarks, *i.e.*, "communications," against Windsor. *See id.* § 27.001(1). Furthermore, as explained below, Windsor was a limited-purpose public figure for purposes of defamation liability, and an issue related to a public figure is a "matter of public concern." *See id.* § 27.001(7). We conclude that it was therefore clear from Windsor's pleadings that Windsor's causes of action were covered by the TCPA and that Fleming thus needed to "show no more" to satisfy the first step of the analysis. *See Hersh*, 526 S.W.3d at 467. Windsor's Issue Nos. 11 and 14 are overruled.

In Issue No. 17, Windsor contends that even if his defamation claim was related to Fleming's exercise of the right of free speech, the trial court erred in granting Fleming's TCPA motion to dismiss as to Windsor's causes of action for intentional infliction of emotional distress, tortious interference with contract or business expectancy, tortious interference with prospective business relationship, invasion of privacy by misappropriation, invasion of privacy, invasion of privacy by disclosure, civil conspiracy, stalking, business disparagement, and conversion because those causes of action were not related to protection of speech. In Issue No. 24, Windsor further conclusorily asserts,

without citation to any legal authority, that the TCPA does not allow a conspiracy claim to be dismissed. We disagree.

First, Windsor's conversion claim was not brought against Fleming; it was brought against one of the other defendants and therefore is irrelevant as to Fleming. Second, the TCPA is not limited to defamation causes of action. Instead, the TCPA provides that a party may file a motion to dismiss any legal action that "is based on, relates to, or is in response to" a party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). All of Windsor's causes of action against Fleming were "based on, relate[d] to, or [were] in response to" Fleming making alleged defamatory remarks against Windsor; therefore, the TCPA applied to all of Windsor's causes of action against Fleming. Issue No. 17 is overruled.

In Issue No. 24, Windsor also contends that the TCPA is not applicable to this case because the TCPA is about participation in government and this case is not about participation in government. As just explained, however, all of Windsor's causes of action against Fleming satisfied the statutory requirements for the TCPA dismissal procedure to apply to them. Therefore, we conclude that Fleming satisfied the first step of the analysis. *See Youngkin*, 546 S.W.3d at 680. Issue No. 24 is overruled.

### D. Step Two: Clear and Specific Proof of Each Claim

In Issue No. 12, Windsor conclusorily contends that the trial court erred in granting Fleming's TCPA motion to dismiss because Fleming presented no admissible evidence addressing each essential element of Windsor's defamation claims. But once Fleming met his burden to prove that the TCPA applied, which we just concluded that

he did, the burden shifted to Windsor to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." *See Hersh*, 526 S.W.3d at 468 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)). Windsor's Issue No. 12 is therefore overruled.

We turn to Issue No. 15, in which Windsor contends that he established a prima facie case for each essential element of his claims against Fleming. Windsor's main claim against Fleming was for defamation. To prevail on his defamation claim against Fleming, Windsor would have had to prove that Fleming (1) published a false statement of fact to a third party, (2) that was defamatory concerning Windsor, (3) with the requisite degree of fault, and (4) damages, in some cases. *See Lipsky*, 460 S.W.3d at 593.

"The status of the person allegedly defamed determines the requisite degree of fault." *Id.* To prevail on a defamation claim, public officials and public figures must prove that the defendant published a defamatory falsehood with "actual malice." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). To establish actual malice, the plaintiff must prove that the defendant published a defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 573-74 (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964)).

For purposes of defamation liability, public figures fall into two categories: (1) all-purpose, or general-purpose, public figures and (2) limited-purpose public figures. *Id.* at 571. The trial court here found that Windsor was a limited-purpose public figure. In Issue No. 6, Windsor contends that the trial court erred in making such a finding.

Limited-purpose public figures are public figures only for a limited range of issues surrounding a particular public controversy. *Id.* To determine whether an individual is a limited-purpose public figure, we apply a three-part test: (1) the controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution; (2) the plaintiff must have more than a trivial or tangential role in the controversy; and (3) the alleged defamation must be germane to the plaintiff's participation in the controversy. *Id.* Whether a person is a limited-purpose public figure is a question of law for the court to decide. *Klentzman v. Brady*, 312 S.W.3d 886, 904 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Rosenblatt v. Baer*, 383 U.S. 75, 88, 86 S.Ct. 669, 677, 15 L.Ed.2d 597 (1966)).

We begin with whether there is a public controversy and whether Windsor had more than a trivial or tangential role in the controversy. Windsor asserted in his third amended petition that he is "an activist fighting dishonesty and injustices of various types." The evidence attached to Fleming's response to Windsor's motion to declare that he is not a public figure or a limited-purpose public figure and the evidence attached to Fleming's sur-reply to Windsor's reply to Fleming's response further show that Windsor is an activist against judicial and government corruption.

Windsor asserted in his third amended petition that he has developed a website called Lawless America in furtherance of his interests. Windsor stated that he has treated the website "as an online magazine, has hosted an online conference call, and has been producing and directing a documentary film about injustices of various types." The

evidence attached to Fleming's TCPA motion to dismiss shows that Windsor had plans to bring criminal charges against every corrupt government official in America. Windsor stated that he felt that corrupt judges and government officials who had ignored the U.S. Constitution should be charged with treason. Windsor advocated for a "peaceful revolution organized to save America" "through the creation of a new political party – The Revolutionary Party." *See id.* at 905 ("To determine whether an individual had more than a trivial or tangential role in the controversy, a court should consider: (1) whether the plaintiff actively sought publicity surrounding the controversy; (2) whether the plaintiff had access to the media; and (3) whether the plaintiff voluntarily engaged in activities that necessarily involved the risk of increased exposure and injury to reputation.") (citing *McLemore*, 978 S.W.2d at 572-73).

The evidence shows that Windsor's activism and ideas about judicial and government corruption drew both support and opposition from people across the country. The evidence also shows that many people have been impacted by the issues Windsor has raised and are likely to feel the impact of the resolution of the alleged judicial and government corruption. Accordingly, we conclude that there is a public controversy and that Windsor had more than a trivial or tangential role in the controversy.

We therefore turn to whether the alleged defamation was germane to Windsor's participation in the controversy. *See McLemore*, 978 S.W.2d at 571. Windsor argues that the alleged defamation in this case concerns many private personal issues that have nothing to do with his activism. But Windsor has not identified in his briefing even one *specific* statement published *by Fleming* that addressed Windsor's personal issues instead

of Windsor's participation in the controversy. Accordingly, we conclude that the trial court did not err in finding that Windsor was a limited-purpose public figure in this case. Issue No. 6 is overruled.

As a limited-purpose public figure, to prevail on his defamation claim against Fleming, Windsor would have had to prove that Fleming published a defamatory falsehood with "actual malice." *See id.* Windsor has presented no evidence that Fleming published a defamatory falsehood with actual malice. Windsor does not even argue as much in his appellant's brief. We thus conclude that Windsor has failed to satisfy the second step of the analysis with regard to his defamation claim against Fleming because Windsor failed to establish by clear and specific evidence a prima facie case for each essential element of his defamation claim against Fleming. *See Youngkin*, 546 S.W.3d at 680. This portion of Windsor's Issue No. 15 is overruled.

Furthermore, the only specific claim that Windsor addressed in the trial court and also addresses in this appeal is his defamation claim against Fleming. Therefore, to the extent that Windsor contends in Issue No. 15 that he established a prima facie case for each essential element of his other claims against Fleming, we overrule Issue No. 15 as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Martinez*, 218 S.W.3d at 844; *Strange*, 126 S.W.3d at 678.

### E. Step Three: Proof of Each Defense

In Issue No. 16, Windsor contends that Fleming failed to establish a valid defense to Windsor's claims. Because we have concluded, however, that Windsor failed to satisfy the second step of the analysis, we need not reach this issue. The burden would have

shifted back to Fleming to prove each essential element of any valid defenses by a preponderance of the evidence only if Windsor had satisfied the requirement of establishing by clear and specific evidence a prima facie case for each essential element of his claims against Fleming. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c), (d); *Youngkin*, 546 S.W.3d at 679-80.

Based on the foregoing, we conclude that the trial court did not err in granting Fleming's TCPA motion to dismiss. Windsor's Issue No. 18 is overruled. Moreover, because we have concluded that the trial court did not err in granting Fleming's TCPA motion to dismiss, we overrule Issue No. 13, in which Windsor contends that the trial court erred in failing to review all of the pleadings and affidavits instead of just "over 500 pages." Any error would be harmless. *See* TEX. R. APP. P. 44.1.

## Issue Nos. 19 and 21

In Issue No. 19, Windsor contends that the trial court erred in awarding attorney's fees, costs, and sanctions to Fleming.

Civil Practice and Remedies Code section 27.009(a) provides:

If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1)     court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2)     sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a). We review the trial court's award of attorney's fees and sanctions for an abuse of discretion. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016); *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 70 (Tex. App.—Houston [14th Dist.] 2018, pet. filed).

Windsor first argues in this issue that the trial court erred in awarding attorney's fees and costs to Fleming because there was no competent proof of attorney's fees and costs ever admitted as evidence at the hearing on this matter. Windsor next argues that he was not given meaningful notice and a meaningful opportunity to be heard on this issue.

In the trial court's November 28, 2014 letter to the parties announcing its "*memorandum ruling*" in connection with Fleming's TCPA motion to dismiss, the trial court gave notice to the parties that it would be conducting a hearing "(i) to enter the dismissal order; and (ii) to review all *evidence on file* in support of . . . CPRC Section 27.009 relief . . ., along with all related legal analysis and arguments from both sides." [Emphasis added.] The trial court then set the following pleading schedule for the hearing:

- Fleming – all supplemental pleadings and *evidence* must be *filed and served* on or before Wednesday, December 3, 2014;

- Windsor – any regular or supplemental written response must be filed and served on or before Thursday, December 4, 2014;

- Fleming – any final written reply must be filed and served on or before December 5, 2014.

[Emphasis added.] During the trial court's December 18, 2014 hearing on Fleming's motion for entry of order and assessment of attorney's fees, court costs, and sanctions,

Fleming's counsel then stated that she had "submitted, as Exhibit A [to her December 3, 2014 supplemental motion for costs, expenses, attorney's fees, and sanctions in support of Fleming's TCPA motion to dismiss, her] sworn affidavit setting forth [her] qualifications and experience as an attorney." Fleming's counsel further stated that "[a]ttached to Exhibit A is [her] 44 pages of billing records so that the Court and Mr. Windsor could see every single entry [she] made on this case." Fleming's counsel then moved on to the matter of sanctions, at which point the trial court asked Fleming's counsel, "Do you have affidavits on this point?" Fleming's counsel replied that she had also filed the evidence regarding the matter of sanctions as exhibits to Fleming's December 3, 2014 supplemental motion, and the trial court replied, "I just want[ed] to make sure I was procedurally on board . . . ."

Windsor never objected to the procedure used by the trial court of considering the evidence that Fleming filed as exhibits to his December 3, 2014 supplemental motion without formally introducing the exhibits into evidence. Windsor therefore failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Cruz v. Van Sickle*, 452 S.W.3d 503, 520-21 (Tex. App.—Dallas 2014, pet. denied). It is also clear from the foregoing that Windsor was given meaningful notice and a meaningful opportunity to be heard on this issue; therefore, his argument is overruled.

Windsor next argues in Issue No. 19 that Fleming has "incurred" no court costs, reasonable attorney's fees, or other expenses because they have been incurred by Fleming's insurer rather than Fleming himself. However, that Fleming had previously contracted with an insurer to pay some or all of his court costs, attorney's fees, or other

expenses does not mean that Fleming did not incur them. *See Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam). Windsor's argument therefore fails and is overruled.

Windsor also argues in Issue No. 19 that there was no evidence to show what amount of the alleged fees were applicable specifically to the TCPA motion. But by failing to complain at the hearing on attorney's fees about any failure to segregate attorney's fees, Windsor has failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a).

Finally, Windsor argues in Issue No. 19 that the amount of sanctions awarded was "utterly outrageous" and that the trial court improperly based its award of sanctions on alleged activity in cases outside Texas. In Issue No. 21, Windsor also conclusorily contends that Fleming failed to establish by a preponderance of the evidence that Windsor had significant assets to enable him to pay sanctions. This portion of Issue No. 19 and Issue No. 21 contain no citations to legal authorities. We therefore overrule this portion of Issue No. 19 and Issue No. 21 as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Martinez*, 218 S.W.3d at 844.

## Issue No. 20

In Issue No. 20, Windsor contends that the trial court erred in granting Fleming's motion to sever all the claims Windsor brought against him into a new cause number because the trial court did not have jurisdiction to do so. For the reasons stated in Issue No. 3, however, we have determined that the trial court did have jurisdiction. Windsor's Issue No. 20 is overruled.

## Issue No. 22

In Issue No. 22, Windsor first contends that the Honorable Judge Grubbs erred in making findings of fact and conclusions of law on March 31, 2015 because he was "not the judge in the case" and "knew nothing about the matter." But Windsor's "argument" is simply a conclusory assertion without citation to any legal authorities or to the record. We therefore overrule this portion of Windsor's Issue No. 22 as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Martinez*, 218 S.W.3d at 844.

Windsor also contends in Issue No. 22 that the Honorable Judge Grubbs erred in making findings of fact and conclusions of law on March 31, 2015 because the case had been dismissed and was on appeal. But, even when the trial court files belated findings of fact and conclusions of law, the late filing is not reversible error unless the complaining party shows that the error caused harm. *See Robles v. Robles*, 965 S.W.2d 605, 610-11 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Windsor does not allege any specific harm. Accordingly, this remaining portion of Windsor's Issue No. 22 is overruled.

## Issue No. 23

In Issue No. 23, Windsor contends that the trial court denied his constitutional rights and due process. More specifically, Windsor complains that his constitutional rights were violated because he was required to deal with this litigation while "incarcerated in the Ellis County Jail." However, as our sister court stated in *Hosey v. Cty. of Victoria*, 832 S.W.2d 701 (Tex. App.—Corpus Christi 1992, no writ):

> One has a right to represent oneself in civil litigation in Texas courts. However, if one does so, the litigant cannot disregard the rules of procedure that insure due process to all litigants and provide for the orderly

administration of justice. Indeed, one's personal circumstances may prevent his personal appearance in court for hearings or trial in the ordinary course of proceedings. His inability to attend proceedings and otherwise personally participate in the trial of the case does not require the court to continue the action for the convenience of the litigant. Whether to continue the case on the docket and pass a setting for trial is within the sound discretion of the trial judge. Similarly, if a case is called for trial and no appearance is made, the action is subject to dismissal. Circumstances, such as imprisonment, may make it impossible for a litigant to represent himself. When that is so, counsel is required, at the peril of losing the opportunity, to litigate the grievance.

*Id.* at 705. Windsor's Issue No. 23 is therefore overruled.

### Issue No. 25

In Issue No. 25, Windsor contends that he is a victim of judicial corruption. Windsor's briefing of this issue includes merely conclusory statements unsupported by appropriate citations to legal authorities and to the record. We therefore overrule Issue No. 25 as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Martinez*, 218 S.W.3d at 844.

### Conclusion

The trial court's "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor," signed on December 18, 2014, is affirmed.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
      (Chief Justice Gray concurring with opinion)
Affirmed
Opinion delivered and filed August 7, 2019
[CV06]

